UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GROVER H. DAVIS,

        Plaintiff,

                                    Case No. 1:08-CV-582

v.

                                    HON. GORDON J. QUIST

GLENDORA GREENE, MD,

        Defendant.

_____/

## OPINION

### BACKGROUND

Plaintiff, Grover H. Davis ("Davis"), has filed a complaint *pro se* against Defendant, Glendora Greene, MD. Davis alleges that he is an African-American male and that on May 10, 2007, Dr. Greene examined him in her office. Although the Complaint does not give many specifics about Davis' condition, other documents on file indicate that he complained of back pain. Davis alleges that during the examination Dr. Greene forced him to do a leg lift, which caused him pain. He also alleges that Dr. Greene concluded that Davis was exaggerating his symptoms because her findings were inconsistent with his complaints. Davis appears to assert that he continues in pain because Dr. Greene failed to give him adequate medical care.

Davis alleged two claims in his complaint. Count I alleges a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights based upon denial of medical care and Count II alleges a claim for "Violation of high Ethical Standards of Physicians." By Stipulation and Order entered on October 28, 2008, Count II was dismissed, leaving the Eighth Amendment claim as the sole claim in the case.

By way of further background, this case is factually related to a previous case Davis filed in this district, captioned *Grover H. Davis v. St. Joseph County Sheriff Department, et al.*, No. 1:07-CV-778. In that case, Davis sued several Defendants in connection with events that occurred while Davis was housed at the St. Joseph County Jail. He alleged that on May 11, 2007, he sustained back injuries in an assault by another inmate. He further alleged that the defendants violated his Eighth Amendment rights by denying him medical care for the back injuries for over two days following the assault. On July 17, 2006, Judge Enslen entered an Opinion and Judgment granting the defendants summary judgment. Judge Enslen concluded that the defendants did not violate Davis' Eighth Amendment rights because the evidence established that Davis received timely medical care in a manner that was no different than the medical care Davis received from his private physician for his back problems prior to his incarceration. Even though the treatment was conservative, Judge Enslen noted that it was not so obviously deficient so as to constitute deliberate indifference. (*Grover H. Davis v. St. Joseph County Sheriff Department, et al.*, No. 1:07-CV-778, 7/17/08 Slip. Op. at 5.) During the proceedings in the prior case, Davis sought to add Dr. Greene as a defendant, but she was apparently never served.

Dr. Greene has moved for summary judgment and has offered supporting materials, including her affidavit and her records of the treatment she rendered to Davis on May 10, 2007. In her affidavit, Dr. Greene says that at the time she examined Davis, she "was the Medical Director of St. Joseph County" and that "[i]n that capacity, I was available for on-call coverage when contacted by a nurse to see a patient at the St. Joseph County Jail." (Greene Aff. ¶ 2.) Dr. Greene further states that on May 10, 2007, she was asked to evaluate Davis. She "obtained a history of prior chronic back pain complaints, evaluated Mr. Davis' back and performed several maneuvers to assess the level of back pain, whether it was reproducible and any potential radiation or other

problems." (*Id.* ¶ 3.)   She was unable to reproduce the severity of the pain of which Davis complained. (*Id.*)  However, she developed a diagnosis and treatment plan for Davis and provided him with Ibuprofen as needed for his pain.  (*Id.*)  This was the one and only time Dr. Greene saw Davis.  (*Id.* ¶ 5.)  Dr. Greene's treatment notes confirm that during the visit Davis related his history of back problems to Dr. Greene, including the nature of the treatment he had received from his primary care physician.   Among other things, Davis said that his primary care provider recommended that he see a specialist, but Davis never went.

DISCUSSION

Dr. Greene has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment under Fed. R. Civ. P. 56(c).  Because Dr. Greene's motion presents matters outside the record, the Court will consider the motion as a motion for summary judgment.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56.  Material facts are facts which are defined by substantive law and are necessary to apply the law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  A dispute is genuine if a reasonable jury could return judgment for the non-moving party.  *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

3

Although Dr. Greene presents several arguments, the Court need only consider her contention that Davis has failed to create a genuine issue of material fact that she violated his Eighth Amendment rights.[1]

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate

---

[1] Dr. Greene also argued that Davis failed to allege that she acted under color of state law – an essential element of a claim under § 1983. *See Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000). Although dismissal would be proper on this basis, Dr. Greene's affidavit discloses that she was the Medical Director of St. Joseph County, and thus likely a state actor for purposes of § 1983. *See Smith v. Univ. of Texas Med. Bd.*, No. 3:05-CV-0640-R, 2006 WL 2104632, at * (N.D. Tex. July 28, 2006) (claim against medical director of Dallas County jail). Consideration of the issue is unnecessary, however, in light of the Court's conclusion that Davis cannot prove an Eighth Amendment violation.

4

must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical

treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

In the instant case, it is undisputed that Dr. Greene considered the history of Davis' back injury and associated treatment, evaluated his back, attempted to reproduce the pain, and concluded that his condition was not consistent with the level of pain that he reported. In addition, Dr. Greene developed a treatment plan and prescribed Ibuprofen for his pain as needed.  Although Davis may believe that he was entitled to different treatment, he has presented no evidence that Dr. Greene was deliberately indifferent to his serious medical needs.  At most, Davis' allegations present a disagreement over treatment, which is insufficient to give rise to an Eighth Amendment violation. Accordingly, Dr. Greene is entitled to summary judgment.

Finally, for the foregoing reasons and because this action was filed *in forma pauperis*, this Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

### CONCLUSION

For the foregoing reasons, the Court will grant Dr. Greene's motion for summary judgment. An Order consistent with this Opinion will be entered.

Dated: March 24, 2009                                   /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE